IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURLENE HODGE, individually and as Administrator of the Estate of Doward Sylleen Baker, deceased, <br><br> Plaintiff, <br><br> v. <br><br> MUNICIPALITY OF DOTHAN, ALABAMA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:23-cv-222-RAH-CWB |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  Introduction

Before the court for resolution is a motion to dismiss (Doc. 13) wherein the defendants seek to have this action dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.  As explained below, the Magistrate Judge concludes that subject matter jurisdiction is lacking and that the motion should be granted.

### II.  Procedural Background

Curlene Hodge, proceeding *pro se*, initiated this action on April 19, 2023 in her capacity as "Curlene Hodge, as next to [sic] kin on behalf of Duward [sic] Baker (deceased)."  (Doc. 1). The underlying claims arose from an April 19, 2021 traffic stop involving the decedent:

> At some point during the traffic stop the patrol officer claims to have observed a firearm -in plain view- located within Bakers [sic] vehicle.  There was no probable cause or suspicion of any felonious crime which entitled the officer to search Bakers [sic] vehicle or place him under arrest.  Yet, after Baker pulled away the patrol officer proceeded to follow Baker.  While Baker traveled another 8 to 10 blocks he was pursued until he was confronted again, this time by a calvary of Dothan Police Officers.  These officers had formed a barricade, using their patrol cars to impede Bakers [sic] vehicle on Grant Street.  At some point this Calvary of Police officers

1

> surrounded Baker. While Officer Minnifield was engaged in a dialogue with Baker, (holding his attention) another officer Corporal Michael Connor entered in an ambush position by couching behind dense shrubbery and chain link fence. While Baker was standing with his hands visibly in sight Corporal Connor along with other officers fired multiple rounds, striking Baker in his back, neck and face area which caused his death. An autopsy was performed and the report confirmed that Bakers [sic] death was the result of homicide, caused by multiple gunshots.

(*Id*. at p. 2).

On November 14, 2023, Hodge filed an Amended Complaint styled "Curlene Hodge, individually and as Administrator of the Estate of Doward Sylleen Baker, deceased." (Doc. 6). In the Amended Complaint, Hodge purported to bring various claims both in her individual capacity and in a representative capacity as Administrator of the Estate of Doward Baker. (*Id*. at p. 3, ¶ 5). Hodge realleged similar facts as in the original Complaint but also asserted that Baker was unarmed when he was shot and that the defendants "did not timely summon medical care or permit medical personnel to treat [him]." (*Id*. at p. 6, ¶¶ 22-23).

The defendants contend that subject matter jurisdiction is absent because Hodge lacked standing at the time the original Complaint was filed. (*See* Doc. 14 at p. 33). The defendants further contend that the lack of subject matter jurisdiction could not be cured by filing the Amended Complaint. (*See id*. at pp. 40-41; *see also* Doc. 26 at pp. 14, 17-18). In response, Hodge argues that she "had sought to be appointed as the personal representative of [Doward] Baker's estate and was nearly certain to be successful at the time of filing the initial complaint," and that "asserting her claims as 'next of kin to Doward Sylleen Baker' put Defendants on notice that the Estate of Doward Baker would bring suit against the Defendants." (Doc. 19 at p. 4).[1]

---

[1] Contrary to Hodge's asserted timeline, it appears that she did not file a petition to be named administrator of Baker's estate until November 22, 2023. (*See* Doc. 14-1 at pp. 3-6). Her formal appointment did not occur until December 4, 2023. (*See id*. at pp. 10-16).

2

**III.  Legal Standard**

Federal courts are courts of limited subject matter jurisdiction, and the party invoking a federal court's jurisdiction bears the burden of proving it exists. *See, e.g., McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

"'Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it is brought pursuant to Rule 12(b)(1).'" *Stone v. Allen*, No. 2:21-CV-1531, 2024 WL 578578, *6 (N.D. Ala. Feb. 13, 2024) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993)). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" require the court to review the complaint and determine whether the allegations therein, which must be accepted as true, adequately establish subject matter jurisdiction. *Id.* at 1529. "Factual attacks" challenge the existence of subject matter jurisdiction in fact, and the court is permitted to look beyond the pleadings and weigh evidence to determine whether it has subject matter jurisdiction. *Id.* "In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits." *Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1324 (N.D. Ala. 2016) (citing *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011)); *Lawrence*, 919 F.2d at 1529. It also is proper to judicially notice certain types

of facts—such as other court filings—when considering an attack on subject matter jurisdiction under Rule 12(b)(1).  *See Mizell v. City of Ozark*, Case No. 1:21-cv-110, 2022 WL 822353, *3 (M.D. Ala. Jan. 31, 2022).

"The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff)."  *Walton*, 187 F. Supp. 3d at 1324; *see also Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1258 (S.D. Ala. 2006) ("Although defendant is the moving party, plaintiff is the party seeking to invoke the court's jurisdiction.  As such, plaintiff bears the burden of establishing subject matter jurisdiction.").  "If a defendant makes a factual attack upon the court's subject matter jurisdiction, submitting evidentiary materials, the plaintiff is 'also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'"  *Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1232 (N.D. Ala. 2012) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)).

**IV.   Discussion**

"[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citation omitted); *see also In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1038 (11th Cir. 2015) ("Standing 'is the threshold question in every federal case ... .'") (citation omitted).  "'[T]he party invoking federal jurisdiction bears the burden of proving standing.'"  *Fla. Pub. Int. Rsch. Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000)).  And "[s]tanding is determined at the time the plaintiff files its complaint."  *Cook v. Bennett*, 792 F.3d 1294, 1298 (11th Cir. 2015); *see also Warren v. Alabama Dep't of Transp.*, No. 4:10-

4

CV-02435, 2013 WL 5442110, *3 (N.D. Ala. Sept. 27, 2013) ("[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action.") (citation omitted).

To establish Article III constitutional standing, a "plaintiff must show an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and 'that is likely to be redressed by a favorable judicial decision.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 196 (2017) (citations omitted). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Alabama law ultimately controls the issue of standing here. Because "[§] 1983 does not have a survivorship provision …," "the survivorship of an action brought pursuant to § 1983 is governed by 42 U.S.C. § 1988(a), which provides that where federal law is 'deficient,' the state law of the forum applies to the extent it is not inconsistent with federal law." *James v. City of Huntsville, Ala.*, No. 5:14-CV-02267, 2015 WL 3397054, *2 (N.D. Ala. May 26, 2015) (citing *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011)). "[T]he Eleventh Circuit has held that Alabama's survivorship statute, Ala. Code § 6-5-462, is not inconsistent with and applies to § 1983 actions." *Davis v. Edwards*, No. 3:16-CV-855, 2017 WL 6544847, *11 (M.D. Ala. Sept. 5, 2017), *report and recommendation adopted*, No. 3:16-CV-855, 2017 WL 6543878 (M.D. Ala. Dec. 21, 2017) (citing *Est. of Gilliam*, 639 F.3d at 1045-47). "Under that provision, a deceased's unfiled tort claims do not survive his

5

death." *James*, 2015 WL 3397054 at *2 (citing *Est. of Gilliam*, 639 F.3d at 1046); *see also* Ala. Code § 6-5-462. "[W]hen a constitutional violation actually causes the injured party's death, a § 1983 claim can be asserted through the Alabama wrongful death statute, Ala. Code § 6-5-410." *Est. of Gilliam*, 639 F.3d at 1047.

Alabama's wrongful death statute in turn contemplates that such claims can be brought only by a personal representative:

> A <u>personal representative</u> may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama ... for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.

Ala. Code § 6-5-410(a) (emphasis added). "A 'personal representative,' for the purposes of § 6-5-410, is an executor or an administrator." *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992).

"The Alabama Supreme Court has ruled that [§ 6-5-410] limits standing in wrongful death actions to only the personal representative of the decedent." *Washam-Buford v. City of Prichard, Alabama*, No. 1:21-CV-199, 2023 WL 3305164, *4 (S.D. Ala. May 8, 2023) (citing *Waters*, 600 So. 2d at 982); *see also Burns v. City of Alexander City*, 110 F. Supp. 3d 1237, 1244 (M.D. Ala. 2015) ("[I]t is well-established that Alabama law allows only the personal representative of an estate to have standing to sue for wrongful death.") (citing *Tucker v. Molden*, 761 So. 2d 996, 998 (Ala. 2000)). Accordingly, under Alabama law "a plaintiff must be appointed as the administrator of the decedent's estate when the complaint is filed, otherwise the complaint is a nullity." *Id*. ("In the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity.") (citing *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979); *Waters*, 600 So. 2d at 982 ("[O]ne who sues under this section without having been

appointed executor or administrator does not qualify under this section as its personal representative, and the suit is a nullity."). Because Hodge filed this action on April 19, 2023 without having been appointed personal representative and without otherwise purporting to act on behalf of Baker's estate, the initial Complaint must be treated as null and void.

The cases relied upon by Hodge are readily distinguishable from the present circumstances. *See Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1311 (S.D. Fla. 2019), *report and recommendation adopted*, No. 18-20829-CIV, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019) and *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666 (11th Cir. 1991), *abrogated by Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001).

*Kennedy* involved the dismissal of a wrongful death action brought under Florida law. The plaintiff conceded that she was not the personal representative of the decedent's estate but noted that she actively had been seeking appointment at the time suit was filed. *Id*. at 1312. The district court found the Eleventh Circuit's decision in *Glickstein* to be instructive on whether dismissal was warranted:

> In *Glickstein*, the plaintiff was a party to an action in state court where he sought to be declared the personal representative of an estate. The plaintiff's "pleadings and responses [made it] abundantly clear [that] his appointment would be assured once the judgment of the probate court ... became final." The Eleventh Circuit held that the district court erred when it granted a motion to dismiss against the plaintiff based on his status as a personal representative.
>
> The Court explained that the district court should have stayed the proceedings to await the determination by the state court action of the estate representative.

*Id*. (citing *Glickstein*, 922 F.2d at 671) (internal citations omitted). Unlike here, however, the plaintiff in *Kennedy* had filed the original complaint specifically on behalf of the decedent's estate "as Personal Representative of the Estate of John Anthony Valentiejus-Riggle, Deceased <u>for and on Behalf of the Estate</u> … ." *See Kennedy*, 2018 WL 4410223 at *1 (emphasis added).

7

The plaintiff in *Glickstein* similarly was identified "as de facto Personal Representative of the Estate of Lilly Glickstein ..." at the time of filing. *See Glickstein*, 922 F.2d at 668. In addressing standing, the *Glickstein* court concluded "[i]t is clear that the Lilly Glickstein estate has 'standing' to bring this action." *Id*. at 670. The controlling issue instead was one of capacity: "whether Howard Glickstein is able to bring this case on behalf of the estate." *Id*. ("This is not a question of standing; rather, this issue involves the question of whether Glickstein has the capacity to bring this action on behalf of the estate.") (emphasis added). Because Rule 17(b) of the Federal Rules of Civil Procedure ties capacity "to the law of the state in which the district court is sitting," and because "Florida law provides that the personal representative has the capacity to bring actions on behalf of the estate," the court found that Glickstein's post-filing appointment as personal representative "clearly gives him capacity to currently bring this action." *Id*. at 670-71.

In both *Kennedy* and *Glickstein*, the original complaints were unambiguous in stating that suit was being brought by a representative or purported representative on behalf of a decedent's estate—thereby sufficiently demonstrating standing and establishing subject matter jurisdiction. Related issues as to the proper party with capacity therefore could be addressed by amendment and substitution. *See also Iriele v. Griffin*, 65 F.4th 1280 (11th Cir. 2023) (allowing subsequent amendment where *pro se* plaintiff originally had filed suit "as the personal representative of the estate of Rosemary Ewere Iriele"); *Robb v. City of W. Palm Beach, FL*, No. 23-80453-CIV, 2023 WL 11878298, *1-2 (S.D. Fla. Sept. 5, 2023) (where the plaintiff had initiated an action as "Herbert Robb, as the proposed personal representative of the estate of Allan Robb," the court found that the dispute over the plaintiff's ability to bring a § 1983 claim on behalf of the estate raised a question of capacity, not standing). The common thread is that an action must be instituted on behalf of the estate in order for standing—and, with it, subject matter jurisdiction—to be proper.

*Compare Washam-Buford*, 2023 WL 3305164 at *5 ("[T]he decedent and by extension the Estate is the one that can meet the three standing requirements.  <u>Plaintiff herself has no ability to pursue the claims independent of the Estate and therefore does not have standing</u>.") (emphasis added).[2]

Hodge did not have standing when she filed the original Complaint, as she filed the Complaint in her individual capacity and asserted claims on behalf of Baker individually—not on behalf of Baker's estate.  Without a plaintiff with standing named in the original Complaint (*i.e.*, Baker's estate or its purported representative), there simply was nothing to which the subsequent Amended Complaint could relate back.  *See Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981)) ("[W]here a plaintiff never had standing to assert a claim against the defendants, … there was no proper party available to amend the complaint.").[3]

---

[2] "[I]t is not surprising that courts and attorneys frequently have confused the requirements for standing with those used in connection with real-party-in-interest or capacity principles." Wright & Miller, *Federal Practice and Procedure* Vol. 6A, § 1542 (3d ed. 2013).  For example, in *Estate of Rowell v. Walker Baptist Med. Ctr.*, 290 F.R.D. 549, 551-52 (N.D. Ala. 2013), the plaintiff filed the action as "Estate of Vincent L. Rowell and Horacio Pickett as his personal representative of his estate, which is pending." *Id*.  Although the Magistrate Judge had addressed the issue as one of standing, the recommendation was rejected on a real-party-in-interest analysis under Rule 17(a)(3), and the court allowed the personal representative to amend after his formal appointment and permitted the personal representative's claims to relate back to the date of filing the original complaint. *Id*. at 554-61.  In doing so, the court relied on *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982).  In that case, the plaintiff brought suit in two capacities: as the victim's widow and as the administratrix of his estate. *Id*. at 979.  Notwithstanding that the plaintiff was not appointed administratrix of the estate until after she filed the action, the court pursuant to Rule 17(a) allowed her to amend the original complaint to reflect her new status as administratrix and to indicate her ratification of the initial filing. *Id*. at 981.  Thus, neither *Est. of Rowell* nor *Hess* is now applicable.  Because those actions were brought by purported representatives of the respective estates, the core issue was one of capacity and not Article III standing. "The real-party-in-interest requirement and Article III standing are two 'distinct issues' with separate considerations." *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1358 (11th Cir. 2021) (citation omitted).

[3] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding in the Eleventh Circuit).

Hodge's argument that "asserting her claims as 'next of kin to Doward Sylleen Baker' put Defendants on notice that the Estate of Doward Baker would bring suit against the Defendants" (Doc. 19 at p. 4) is unavailing. The Eleventh Circuit recently addressed that precise issue in *Moss v. Leesburg Reg'l Med. Ctr.*, No. 20-11376, 2021 WL 5175549 (11th Cir. Nov. 8, 2021). Based on a lack of standing under Florida law, the district court dismissed a *pro se* complaint brought by the plaintiff as "next of kin" for his deceased mother. *Id*. at *1. Just as in Alabama, Florida allows only a decedent's personal representative to initiate an action for wrongful death. *Id*. at *2 (citing Fla. Stat. § 768.20). The Eleventh Circuit thus affirmed the dismissal, explaining that "[b]ecause Plaintiff brought th[e] civil action in his capacity as his mother's 'next of kin,' Plaintiff lacked standing to pursue his claims under section 1983." *Id*. *See also Washam-Buford*, 2023 WL 3305164 at *5 (recognizing that "Plaintiff herself has no ability to pursue the claims independent of the Estate and therefore does not have standing"); *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) ("[W]e note that Article III standing must be determined as of the time at which the plaintiff's complaint is filed."); *Wright v. Dougherty Cnty., Ga.*, 358 F.3d 1352, 1356 (11th Cir. 2004) ("By lacking standing to bring a claim the appellants also lack standing to amend the complaint to consolidate with a party who may have standing.").

**IV. Conclusion**

For all of these reasons, the Magistrate Judge **RECOMMENDS** that the motion to dismiss (Doc. 13) be **GRANTED** such that this action is **DISMISSED WITHOUT PREJUDICE**. The Magistrate Judge further **RECOMMENDS** that the alternate request for summary judgment be **DENIED AS MOOT**.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **September 18, 2024**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only in response to an appealable order entered by the District Judge.

**DONE** this the 4th day of September 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**